IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD PASHION MORGAN,

        Plaintiff,                     No. CIV S-11-165 GGH P

  vs.

M. MARTEL et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff's complaint names fourteen defendants employed at four prisons, with the Director of Corrections as a fifteenth named defendant. The gravamen of his complaint concerns defendants' alleged wrongful denial of some or all of plaintiff's contact visitation between March 28, 2003 and January 17, 2011. Plaintiff alleges that he was wrongfully denied all contact visitation beginning on March 28, 2003, shortly before he was placed into Administrative Segregation as a result of a disciplinary conviction of "unlawful influence," and that prison officials at various institutions continued to wrongfully deny him contact visitation over the next several years. Plaintiff alleges, and his attached exhibit indicates, that on August 4, 2010, he was approved for contact visits with certain members of his immediate family, not including his wife, Tracy Thompson Morgan, who was "listed as a friend" and whose visits with plaintiff were therefore to remain non-contact. (Complaint, Attachment 1 at 20.) Plaintiff alleges that after he proved that Tracy Thompson Morgan was his wife by submitting a certificate of marriage, prison officials continued to wrongfully deny him contact visitation with her. (Id. at 17.) Plaintiff also alleges that defendants at Salinas Valley Prison "falsified documentation" of his disciplinary history, and that he was falsely imprisoned by defendants at Salinas Valley Prison in violation of his due process rights. (Id. at 12-14.)

A. Contact Visitation

Plaintiff's claims that he was wrongfully denied contact visitation with one or more persons during the period between March 28, 2003 and the filing of the instant complaint are not cognizable under § 1983. Even if prison officials committed some error in depriving plaintiff of contact visitation with his family and/or wife, this does not rise to the level of a federal constitutional claim. Prisoners have no constitutional rights to contact visitation. Barnett

v. Centoni, 31 F.3d 813, 817 (9th Cir. 1994). Even a blanket prohibition of contact visitation between inmates and their families is not unconstitutional. Block v. Rutherford, 468 U.S. 576, 104 S.Ct. 3327 (1984). These claims must therefore be dismissed.

B. Other Allegations

As to plaintiff's remaining allegations against defendants at Salinas Valley Prison, the undersigned finds these to be so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement of these claims as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), these claims must be dismissed, along with the rest of the claims in the complaint for the reasons described above. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's request for leave to proceed in forma pauperis is granted.

        2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: February 28, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

morg0165.B.nf
GGH:014