```
 1
 2
 3
 4
 5
 6
 7
 8                          IN THE UNITED STATES DISTRICT COURT
 9                         FOR THE EASTERN DISTRICT OF CALIFORNIA
10  HAROLD PASHION MORGAN,
11           Plaintiff,                    No. CIV S-11-165 GGH P
12      vs.
13  M. MARTEL et al.,
14           Defendants.                   ORDER
15  _____/
```

        Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on January 19, 2011. On February 28, 2011, this court dismissed the original complaint with leave to amend. Plaintiff filed his amended complaint (hereinafter "FAC") on April 12, 2011. The FAC alleges that plaintiff was falsely imprisoned at Salinas Valley State Prison in violation of his due process rights. Specifically, plaintiff challenges his placement in administrative segregation and the security housing unit at various times in 2003 and 2004.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

\\\\

The FAC names as defendants five correctional officers (D. Travers, R. Comfort, D. Ortiz, A. Middlebrooks, and G.R. Salazar[1]) and the director of corrections. Plaintiff alleges the following: On June 4, 2003, defendants Middlebrooks and Salazar illegally placed him in administrative segregation based on a false accusation of conspiracy to introduce explosives into the prison. (FAC at 13.) On July 24, 2003, defendant Travers recommended that plaintiff be sent to an indeterminate security housing unit ("SHU") program even though there was no legal basis for such placement. (Id. at 5.) On August 26, 2003, defendant Comfort approved an indeterminate SHU program for plaintiff with no legal basis or documentary support. (Id. at 6-7.) On February 18, 2004, Comfort "committed the same violation of plaintiff's due process rights." (Id. at 8.) On November 30, 2004, even though defendant Ortiz had reviewed plaintiff's file and knew he was illegally placed in SHU, Ortiz chose to continue plaintiff's illegal placement. (Id. at 11-12.) These events caused plaintiff to experience stress, depression, and mental suffering, such that at one point tried to kill himself. (Id. at 4, 6, 13-15.) After reviewing plaintiff's exhibits to the FAC, it does not appear that plaintiff was assessed any forfeiture of credits as a result of the alleged events, nor is there any indication that the challenged disciplinary findings have been expunged or reversed.[2]

For the reasons discussed below, plaintiff's complaint will be dismissed and he will be granted leave to file a second amended complaint within 28 days of service of this order.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."

---

[1] The FAC indicates that four of the five named officers worked at SVSP, while D. Ortiz worked at CSP-Corcoran.

[2] If plaintiff lost good-time credits in disciplinary convictions that were never expunged or reversed, claims based on such proceedings would be barred under Heck v. Humphrey, 512 U.S. 477 (1994), in which the Supreme Court held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. The Supreme Court has extended the Heck bar to § 1983 suits that would negate prison disciplinary proceedings that affect good-time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997).

Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972).  State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484.

In this case, plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under Sandin, facts related to the conditions or consequences of his disciplinary hearings which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Id. at 486.  For example, in Sandin, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody.  Id. at 486-87.  In one case where the Supreme Court found a liberty interest in atypical segregation conditions, Wilkinson v. Austin, 545 U.S. 209, 223-224, 125 S.Ct. 2384, 2394-95 (2005), the segregation was indeed more dramatic than what is alleged here.

In accordance with the above, IT IS HEREBY ORDERED that the amended complaint (Doc. #10) is dismissed for the reasons discussed above, with leave to file a second

\\\\

\\\\

\\\\

amended complaint within twenty-eight days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: May 5, 2011

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

morg0165.scrnFAC
GGH:014